UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

```
-------------------------------------------------- x
                                            :
MARC ALLEN FREUNDLICH              :            3:20 CV 726 (RMS)
                                            :
V.                                          :
                                            :
ANDREW M. SAUL, COMMISSIONER       :
OF SOCIAL SECURITY                :            DATE: JUNE 10, 2021
                                            :
-------------------------------------------------- x
```

<u>RULING ON THE DEFENDANT'S MOTION TO ALTER JUDGMENT (DOC. NO. 30)</u>

Familiarity with the lengthy factual and procedural history of this case is presumed. *See Freundlich v. Saul,* No. 3:20 CV 726 (RMS), 2021 WL 1589273, at *1(D. Conn. Apr. 23, 2021) (slip. op.) ("*Freundlich II*"); *Freundlich v. Berryhill,* No. 3:18 CV 1356 (RMS), 2019 WL 2490637, at *1 (D. Conn. Jun. 14, 2019) ("*Freundlich I*"). Accordingly, this Opinion recites only the facts and procedural history pertinent to the instant motion.

On June 14, 2019, the Court issued a 33-page decision reversing the decision of Administrative Law Judge ("ALJ") Eskunder Boyd and remanding the case for further proceedings. (*See* Tr. 974-1006). In that decision in *Freundlich I*, the Court concluded that the ALJ erred in his consideration of the treating source evidence and failed to develop the record. (*Id.*). Judgment entered in that case on June 17, 2019 (Tr. 1007), and pursuant to that Judgment, on July 22, 2019, the Appeals Council issued a remand order. (Tr. 1010).

Thereafter, on November 18, 2019, ALJ Boyd held a second hearing at which the plaintiff testified in person and vocational expert Jane Gerrish testified by telephone. (Tr. 895-946). On January 29, 2020, the ALJ issued an unfavorable decision, again denying the plaintiff's claim for benefits. (Tr. 876-85).

In the absence of written exceptions, and "own motion" review by the Appeals Council, the ALJ's January 29, 2020 decision became the final, appealable decision of the Commissioner sixty days thereafter.  (*See* 20 C.F.R § 404.984(d) ("If no exceptions are filed and the Appeals Council does not assume jurisdiction of your case, the decision of the administrative law judge becomes the final decision of the Commissioner after remand.")).

On May 26, 2020, the plaintiff filed his complaint in this pending action (*Freundlich II*, Doc. No. 1), and on May 28, 2020, the parties consented to the jurisdiction of a United States Magistrate Judge.  (Doc. No. 7). This case was transferred accordingly.

 On March 8, 2021, the defendant filed a Motion for Entry of Judgment Under Sentence Four of 42 U.S.C. § 405(g) with Reversal and Remand of the Cause to the Defendant (Doc. No. 25), with a brief in support (Doc. No. 25-1), in which the defendant moved for remand of the final decision for further administrative proceedings under Sentence Four of 42 U.S.C. § 405(g).  On March 10, 2021, the plaintiff filed his objection to a remand for further proceedings, seeking, instead, a remand for calculation of benefits.  (Doc. No. 27; *see* Doc. No. 26). The sole issue before the Court, therefore, was whether the case would be remanded for further proceedings or remanded solely for the calculation of benefits.  (Doc. Nos. 25, 27).

On April 23, 2021, the undersigned issued a ruling remanding the case solely for the calculation and payment of benefits (Doc. No.  28), and judgment entered the same day. (Doc. No. 29).  On May 19, 2021, the defendant filed his Motion to Alter or Amend the Judgment (Doc. No. 30), and on May 24, 2021, the plaintiff filed his response.  (Doc. No. 31).

For the reasons set forth below, the defendant's Motion to Alter or Amend the Judgment (Doc. No. 30) is granted in limited part.

I.      DISCUSSION

    A.      STANDARD OF REVIEW

A party may file a motion to alter or amend judgment pursuant to Rule 59(e) on one of

three grounds: "(1) an intervening change in controlling law, (2) the availability of new evidence,

or (3) the need to correct a clear error of law or prevent manifest injustice." *Oakes v. Astrue*, No.

5:06-CV-332 (LEK/VEB), 2009 WL 10212506, at *1 (N.D.N.Y. Jun. 30, 2009) (citing *In re C-

TC 9th Ave. P'ship*, 182 B.R. 1, 3, (N.D.N.Y. 1995); *see also Cordero v. Astrue*, 574 F. Supp. 2d

373, 379 (S.D.N.Y. 2008) ("Motions to alter or amend judgments under Rule 59(e) and for

reconsideration . . . are evaluated under the same standard.")(citation omitted)). *See also Munafo

v. Metro. Transp. Auth.*, 381 F.3d 99, 105 (2d Cir. 2004) (holding that district court may alter or

amend judgment "to correct a clear error of law or prevent manifest injustice."); *Virgin Atl.

Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992).  The standard for

granting a motion to alter or amend a judgment "is strict, and reconsideration will generally be

denied unless the moving party can point to controlling decisions or data that the court

overlooked—matters, in other words, that might reasonably be expected to alter the conclusion

reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995); *see also

Rafter v. Liddle*, 288 F. App'x 768, 769 (2d Cir. 2008).  "'A motion for reconsideration is

committed to the sound discretion of the court.'" *Talyosef v. Saul*, 3:17-cv-01451 (KAD), 2020

WL 3064229, at *3 (D. Conn. Jun. 9, 2020) (quoting *Kregos v. Latest Line, Inc.*, 951 F. Supp. 24,

26 (D. Conn. 1996)).

    To invoke Rule 59(e) to alter or amend a judgment, the moving party must move "no later

than 28 days after entry of judgment." FED. R. CIV. P. 59(e). Judgment entered in this case on

April 23, 2021.  The defendant filed the pending motion on May 19, 2021.  Accordingly, the defendant's motion is timely.

The defendant does not present new evidence or contend that there has been an intervening change in law.  Rather, the defendant "suggests that the Court's concerns may be addressed without a reversal for payment of benefits, by ordering the case remanded to a new ALJ[,]" or, alternatively, "requests that the Court clarify that it is not ordering payment for the unadjudicated period following the Plaintiff's 22[nd] birthday on November 20, 2011." (Doc. No. 30-1 at 1). The Court will construe this motion under the third ground upon which reconsideration may be granted—the need to correct a clear error of law or prevent manifest injustice.

B.     REMAND TO A DIFFERENT ALJ

The defendant argues that the Court should amend its ruling to allow the case to be remanded to a different ALJ.  The defendant misconstrues the Court's analysis on this issue.  Yes, the Court held that ALJ Boyd erred twice, and the Court was not willing to give him a third opportunity to disregard a remand order, but that was not the sole basis for the Court's decision. Rather, as the Court discussed in *Freundlich II*, "it [was] undisputed" that ALJ Boyd did not discuss Dr. Koffler's testimony, Dr. Gelinas's opinion or Dr. Pier's opinion, yet, "the defendant want[ed] to afford an ALJ another opportunity to review and 'evaluate' the *same* opinion evidence the ALJ had, but ignored, on the previous remand." (Doc. No.  at 7 (quoting Doc. No. 25-1 at 2)). The Court explained that, "[a] remand for that purpose [was] not appropriate under the circumstances of this case, particularly given this Court's detailed consideration in *Freundlich I* of the errors the ALJ made in rejecting the medical opinions of the plaintiff's treating providers." (*Id.*).  The Court's analysis did not end there.

Next, the Court considered whether the opinions of record, "had they been considered by the ALJ, contained 'persuasive proof' of the claimant's disability [such that] 'a remand for further evidentiary proceedings would serve no purpose.'" (*Id.*) (quoting *Casanova v. Saul*, Civ. No. 3:19-cv-0086-TOF, 2020 WL 4731352, at *2 (D. Conn. Aug. 14, 2020) (additional internal quotation marks and citation omitted)).   Upon consideration, the Court answered that inquiry in the affirmative. (*Id.* at 8).

Specifically, in reaching its decision that the record contained "persuasive proof" of disability, the Court discussed the medical opinions and findings of Drs. Koeffler, Gelinas and Pier, whose lengthy assessments were consistent, and whose findings detailed the plaintiff's inability to perform in a work-setting.  (*Id.* at 8-10). As the Court explained, "the records that the ALJ ignored provided substantial evidence of more severe functional limitations[,]" and the doctors' opinions consistently noted significant deficiencies in executive functioning. (*See id.*  at 8-11 (citing Tr. 994-96, 999-1000, 1662)).  The Court held, "In this case, the administrative record was complete.  The Court afforded the ALJ the opportunity to properly apply the treating physician rule, thereby remedying the error made in his first decision. The defendant, acknowledging that the ALJ erred again on remand, wants to afford the ALJ yet another opportunity to correct the errors he has made twice." (*Id.* at 12). The Court concluded that applying the treating physician rule to the evidence of record would result in only one conclusion.  In rejecting the defendant's request for remand for further proceedings, the Court made clear that "[t]he Commissioner 'is not entitled to adjudicate a case *ad infinitum* until it correctly applies the proper legal standard and gathers evidence to support its conclusion.'" *Russell v. Saul*, 448 F. Supp. 3d 170, 182 (D. Conn. 2020) (quoting *Sisco v. U.S. Dep't of Health & Human Servs.*, 10 F.3d 739, 746 (10th Cir. 1993) (internal quotation marks omitted)).   Moreover, when the Court has "'no apparent basis to

conclude that a more complete record might support the Commissioner's decision,' a remand for calculations of benefits is appropriate." (Doc. No. 7 at 12 (citing *Masoud v. Saul*, 448 F. Supp. 3d 147, 159-60 (D. Conn. 2020)(quoting *Rosa v. Callahan*, 168 F.3d 72, 83 (2d Cir. 1999), *Sczepanski v. Saul*, 946 F.3d 152, 161 (2d Cir. 2020)(same)); *see also Russell*, 448 F. Supp. 3d at 181.

The defendant seems to ignore the Court's analysis of the medical record and its conclusion that the record warrants a reversal for calculation of benefits.  Instead, the defendant argues, yet again, that a remand for further proceedings is appropriate.  (Doc. No. 30-1 at 4-5). This is precisely the argument the defendant made in his initial motion for remand.  (*See* Doc. No. 25-1 at 2-5 (arguing that remand for the calculation of benefits is not warranted because the evidence does not demonstrate that the only possible conclusion is a finding of total disability thereby "'render[ing] any further proceedings pointless.'" (citing *Selian v. Astrue*, 708 F.3d 409, 420 (2d Cir. 2013) (additional citation omitted)).  "Disagreement with the Court's findings is not a basis for a Rule 59(e) motion." *Diaz v. Saul*, No. 3:19-cv-00272 (WIG), 2019 WL 7037670, at *1 (D. Conn. Dec. 20, 2019). Accordingly, to the extent the defendant moves to alter the judgment to a remand of the matter to a new ALJ for further proceedings to determine if the plaintiff is entitled to child's disability benefits with a relevant period of January 1, 2004 to November 20, 2011, the motion is denied.

    C.    <u>BREADTH OF THE REMAND ORDER</u>

In the alternative, the defendant argues that the Court should limit the decision to an award of benefits for the period of January 1, 2004 to November 20, 2011, the date that the plaintiff attained age 22. (Doc. No. 301 at 5).  Because the ALJ found the plaintiff not disabled, he did not need to look past November 20, 2011 to determine if disability continued; thus, that time period was never adjudicated by the Commissioner.  (Doc. No. 30-1 at 6). Accordingly, the defendant

argues that, "[t]o prevent manifest injustice, . . . if the Court reverses for payment of benefits, it [should] do so only through [the] [p]laintiff's 22nd birthday on November 20, 2011, with a remand to the agency to conduct a review of continuing disability from November 20, 2011 onward." (*Id.*). Short of referencing the statute governing child's disability benefits, 20 C.F.R. § 404.350, the defendant does not offer any citations in support of his argument. That said, the defendant's point is well-taken in that yes, because the ALJ found the plaintiff not disabled, he did not look past the November 20, 2011 date to determine if disability continued. Because the plaintiff did not apply for benefits until December 2015 (Tr. 124-25, 203-04), and the Court's reversal order did not enter until 2021, there are more than nine years of benefits at issue from the date the plaintiff turned 22.

The plaintiff is awarded benefits under his application for child's disability benefits on his father's earnings record.  (*See* Tr. 209, 974). Child's disability benefits may be awarded to the dependent of an insured person who is "under age 18," or who is "18 years old or older and ha[s] a disability that began before [the claimant] became 22 years old[.]"  20 C.F.R. § 404.350(a)(1)-(5).  In order to be eligible for child's disability benefits, the plaintiff "must prove that he has a disability that developed prior to age twenty-two[.]"  *Vella* v. *Astrue,* 634 F. Supp. 2d 410, 418 (S.D.N.Y. Jul. 7, 2009) (citing 42 U.S.C. § 402(d)(1)(G); 20 C.F.R. § 404.303(a)(5); 20 C.F.R. § 404.1509), *aff'd* 394 F. App'x 755 (2d Cir. 2010) (summary order)).  The plaintiff bears the burden of establishing the existence of a disability, and in this case, the plaintiff alleged disability since January 1, 2004, continuing up to and including when he turned 22 years old on November 20, 2011. *See Burgess v. Astrue*, 37 F.3d 117, 128 (2d Cir. 2008); (*see* Tr. 876).

"In the context of determining eligibility for disabled adult child's benefits, the term 'disability' has substantially the same definition as it does in traditional, adult disability cases," meaning the five-step sequential evaluation applies to the plaintiff's disability claim.  *Doerr v.*

*Colvin*, No. 13-CV-429-JTC, 2015 WL 4057446, at *3 (W.D.N.Y. Aug. 14, 2014) (footnote omitted). As discussed above, and in this Court's *Freundlich II* decision, there is persuasive proof of disability that began before the plaintiff turned 22 years old. The ALJ determined that, prior to attaining age 22, the plaintiff had the following severe impairments: anxiety disorder, mood disorder, pervasive development disorder, and, attention deficit hyperactivity disorder. (Tr. 879). As discussed above, the ALJ then erred at the next step in the sequential analysis, step three, when he disregarded medical opinions that established disability. (Tr. 879-81). The Court's discussion of these opinions is precisely what the case law requires of a court before reaching a decision that, "irrespective of the legal error, the record contains 'persuasive proof' of the claimant's disability and a 'remand for further evidentiary proceedings would serve no purposes.'" *Casanova*, 2020 WL 4731352, at *2 (quoting *Parker v. Harris*, 626 F.2d 225, 235 (2d Cir. 1980)). The opinions were consistent in that they discussed the plaintiff's ability to perform in a work-setting and concluded that the plaintiff's deficits existed in childhood and persisted "to the present time." (*See* Tr. 1662; *see also* Tr. 994-96, 999-1000). The Court's focus in *Freundlich I* and *Freundlich II* was to determine if the ALJ's decision that the plaintiff was not disabled prior to attaining age 22, was supported by substantial evidence. Twice, the Court concluded that the ALJ's decision on that issue was not supported by substantial evidence, and, in *Freundlich II*, the Court concluded that there was "persuasive proof" of the claimant's disability prior to attaining age 22.

Specifically, the Court noted that Dr. Koefller's opinions were consistent with Dr. Gelinas's findings, which were made when the plaintiff was seventeen. (Doc. No. 28 at 9); (*see* Tr. 999-1000; *see* Tr. 1622-45). The Court referenced Dr. Gelinas's opinion regarding the plaintiff's "poor academic record" when he was in high school and college, which was "largely a direct result of his executive dysfunction, limited insight, and interpersonal deficits[,]" and, the

Court relied on the findings of Dr. Pier in that they "contain[ed] a detailed discussion of the previous evaluations and related studies of the plaintiff during the relevant time at issue in this case[,]" referring to the period of January 1, 2004 to November 20, 2011.  (Doc. No. 28 at 10, citing Tr. 1649-50); (*see also* Doc. No. 28 at 10 ("the plaintiff's impairments were not new; his findings were consistent with evaluations from the plaintiff's childhood, the relevant time at issue."); *id.* at 12 (noting that the ALJ ignored relevant medical evidence when concluding, as it related to the plaintiff's schooling, that "[t]he record does not show that claimant had a highly supported environment or that he required significant assistance to maintain adaptive functioning")); *see also Freundlich I*, 2019 WL 2490637, at *16 ("As discussed above, the period of alleged disability spans from 2004 to 2011"). Because the Court's focus remained on the plaintiff's eligibility for child's disability benefits, the Court carefully examined the medical evidence related to the plaintiff's onset date of January 1, 2004, to the date the plaintiff attained age 22, concluding that, in fact, there is "persuasive proof" of disability such that a remand for further development of the record would be useless.

The plaintiff correctly argues that, once a claimant is determined to be disabled, "his disability continues until such time as his condition improves so as to allow him to be employable." (Doc. No. 31 at 5) (emphasis omitted); *see* 20 C.F.R. § 416.994(a) (after determining a claimant is disabled, the Commissioner periodically conducts a "continuing disability review" to reevaluate the claimant's eligibility to receive benefits).  This case, however, involves the denial of child's insurance benefits the plaintiff was eligible for until he turned 22. The ALJ never found the plaintiff disabled.  The Court, however, has held that there is persuasive proof of an onset of disability prior to age 22, and thus, the plaintiff is entitled to a remand for an award of benefits. There remains the issue of whether the plaintiff's disability continues given that the application

for benefits did not occur until December 2015 (Tr. 124-25, 203-04), and this Court's order did not issue until 2021, nine years from the end of the relevant period.

It is not the Court's function to "determine *de novo* whether [the claimant] is disabled[,]" but rather, to determine if the Commissioner's findings are supported by substantial evidence. *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (internal quotations omitted). In this case, the Court determined both that substantial evidence did not support the ALJ's conclusion that the plaintiff was not entitled to child's disability benefits and that the medical record included persuasive proof of disability during that relevant period. Although the Court cannot find any case law precisely on point with this case, the regulations and governing case law appear to dictate that the Court would exceed its authority if it made a finding of disability that went beyond determining whether the ALJ's decision was supported by substantial evidence.  The Court has the authority to award benefits under the relevant period at issue in light of the persuasive proof of disability during the timeframe in which the plaintiff was eligible for child's disability benefits. Because the ALJ found that the plaintiff was not disabled during that relevant period, he never determined if the plaintiff's disability continued past November 20, 2011. Stated another way, the period *from* November 20, 2011 has not yet been addressed by the ALJ and was not addressed by the Court. Accordingly, in order to prevent manifest injustice which may result from the Court reaching a decision on a period of disability not considered by the ALJ, the Court's judgment is altered such that the matter is remanded for the calculation of benefits from the plaintiff's onset date of January 1, 2004 to November 20, 2011, and remanded to the agency for a new ALJ  to conduct a review of disability from November 20, 2011 onward. Upon remand, the new ALJ must consider the medical opinions of record, apply the treating physician rule, and issue a new decision.

II.    <u>CONCLUSION</u>

For the reasons stated above, the defendant's Motion to Alter the Judgment (Doc. No. 30) is granted in limited part such that this case is remanded for the calculation of benefits from the plaintiff's onset date of January 1, 2004 to November 20, 2011, and remanded to the agency for a new ALJ  to conduct a review of disability from November 20, 2011 onward.

This is not a recommended ruling.  The consent of the parties allows this magistrate judge to direct the entry of a judgment of the district court in accordance with the Federal Rules of Civil Procedure.  Appeals can be made directly to the appropriate United States Court of Appeals from this judgment. *See* 28 U.S.C. § 636(c)(3); Fed. R. Civ. P. 73(c).

Dated this 10th day of June, 2021 at New Haven, Connecticut.

/s/Robert M. Spector, USMJ
Robert M. Spector
United States Magistrate Judge