UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

------------------------------------------------------- x
:
MARC ALLEN F.[1]              :         3:20 CV 726 (RMS)
:
V.                            :
:
KILOLO KIJAKAZI,[2]           :
ACTING COMMISSIONER OF        :
SOCIAL SECURITY               :         DATE: SEPTEMBER 8, 2022
:
------------------------------------------------------- x

RULING ON THE PLAINTIFF'S MOTION FOR APPROVAL OF ATTORNEY'S FEES
PURSUANT TO 42 U.S.C. § 406(b)

Plaintiff's counsel, Ivan M. Katz ("Counsel"), has filed a motion for attorney's fees pursuant to 42 U.S.C. § 406(b)(1), seeking an award of fees in the amount of $30,681.03. (Doc. No. 36 at 1). The defendant, the Social Security Administration ("SSA") Commissioner ("Commissioner"), filed a response, requesting that the Court determine whether Counsel's Section 406(b) fee request was timely and reasonable. (Doc. No. 37 at 6). For the reasons set forth below, the Motion for Allowance of Attorney's Fees Pursuant to 42 U.S.C. § 406(b) (Doc. No. 36) is **GRANTED**.

I.      BACKGROUND

Familiarity with the lengthy factual and procedural history of this case is presumed. *See Marc Allen F. v. Saul*, No. 3:20 CV 726 (RMS), 2021 WL 1589273, at *1 (D. Conn. Apr. 23,

---

[1] To protect the privacy interests of social security litigants while maintaining public access to judicial records, in opinions issued in cases filed pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), this Court will identify and reference any non-government party solely by first name and last initial. *See* CTAO-21-01, Standing Order Social Re: Security Cases (D. Conn. Jan. 8, 2021).

[2] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi should be substituted, therefore, for Andrew Saul as the defendant in this suit. *See* 42 U.S.C. § 405(g).

2021) (slip. op.) ("*Marc Allen F. II*"); *Marc Allen F. v. Berryhill*, No. 3:18 CV 1356 (RMS), 2019 WL 2490637, at *1 (D. Conn. Jun. 14, 2019) ("*Marc Allen F. I*"). (*See generally* Doc. No. 32). Accordingly, this Opinion recites only the facts required to decide this motion.

Over the last five years, Counsel represented the plaintiff in two related civil actions for judicial review of the Commissioner's unfavorable decisions denying the plaintiff Child Disability Benefits. In *Marc Allen F. I*, the Court found for the plaintiff and remand the case for further proceedings before the original Administrative Law Judge ("ALJ"). *See id.*, No. 3:18 CV 1356 (RMS), 2019 WL 2490637, at *16. Based on this success in obtaining a "Sentence 4" remand, the Court awarded, and the plaintiff paid Counsel $8,200 in attorney's fees under the Equal Access to Justice Act ("EAJA") on September 19, 2019. 28 U.S.C. § 2412. (*Id.*, at Doc. No. 22) (*See* 3:20-CV-726, Doc. No. 36 at ¶ 12).

Upon remand and after a second hearing before the same ALJ, the ALJ again issued an unfavorable decision against the plaintiff, and the plaintiff again sought review from the Court in this action. *Marc Allen F. II*, No. 3:20 CV 726 (RMS), 2021 WL 1589273, at *1. On April 23, 2021, the Court remanded this action back to the SSA solely for a calculation of benefits and judgment of the same was entered. *Id.* On May 19, 2021, the Commissioner filed a motion to alter or amend the judgment. (Doc. No. 30). On June 16, 2021, the Court granted, in limited part, the Commissioner's motion to alter the judgment and remanded the case for the calculation of benefits from the plaintiff's onset date of January 1, 2004, to November 20, 2011. (Doc. Nos. 32-33). Additionally, because the original ALJ twice ignored substantial evidence, the Court remanded the case back to the SSA for a new ALJ to conduct a review of the plaintiff's disability from the period of November 20, 2011, onward. *Id.* On July 19, 2021, the Court awarded Counsel

$9,900 in EAJA fees in this second action. (Doc. No. 35). Counsel represents that that the plaintiff has not yet paid this fee. (Doc. No. 36 at ¶ 13).

On August 14, 2022, the SSA issued a "Notice of Award" letter informing the plaintiff that it had withheld a total of $30,681.03 from the plaintiff's past due benefits in anticipation of direct payment of an authorized attorney's fee. (*See* Doc. No. 36-1 at 3) (as paginated). Counsel filed this motion the day after the "Notice of Award" was issued. (Doc. No. 36). Pursuant to the retainer agreement between the plaintiff and Counsel, entered on August 1, 2018, and consistent with 42 U.S.C. § 406(b), Counsel's attorney's fee is 25% of the total past-due benefit award. (Doc. No. 36-2).

## II.   DISCUSSION

### A.   Timeliness

The Second Circuit has held that FED. R. CIV. P. 54(d)(2)(B)'s fourteen-day filing period "provides the filing time for attorney's fee applications pursuant to 42 U.S.C. § 406(b)." *Sinkler v. Berryhill*, 932 F.3d 83, 91 (2d Cir. 2019). This period is subject to equitable tolling, and "district courts are empowered to enlarge that filing period where circumstances warrant." *Id.* at 89, 91 (citation omitted). Here, Counsel filed his motion for attorney's fees, (Doc. No. 36), the day after the SSA issued the plaintiff its "Notice of Award," well within the fourteen-day filing period. (*See* Doc. No. 36-1). The request was thus timely filed.

### B.   Reasonableness of the Requested Attorney's Fee

#### 1.   Legal Standard

42 U.S.C. § 406(b) "governs the total fee a claimant's attorney may receive for court representation" of Social Security claimants. *Gisbrecht v. Barnhart*, 535 U.S. 789, 806 (2002). In pertinent part, Section 406(b) provides that:

> Whenever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled[.]

*Id.* at 406(b)(1)(A).

Where, as here, a contingency fee agreement is in place, section "406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results." *Gisbrecht*, 535 U.S. at 807. Accordingly, courts "approach fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness[.]" *Gisbrecht*, 535 U.S. at 808. "Both [the Second Circuit] and the Supreme Court have set out guidelines for courts conducting this reasonableness analysis." *Fields v. Kijakazi*, 24 F.4th 845, 849 (2d Cir. 2022) (citing *Gisbrecht*, 535 U.S. at 807; *Wells v. Sullivan* ("*Wells II*"), 907 F.2d 367, 372 (2d Cir. 1990)) (footnote omitted). In this Circuit, courts have traditionally looked to three *Wells II* factors to determine reasonableness of the requested Section 406(b) fee: (1) whether the contingency percentage is within the 25% cap; (2) whether there was fraud or overreaching in the making of the agreement; and (3) whether the requested amount is so large as to be a "windfall" to the attorney. *Wells II,* 907 F.2d at 372; *accord Fields*, 24 F.4th 853. In *Gisbrecht*, the Supreme Court gave its "imprimatur" to this interpretation and also instructed courts to consider "the character of the representation and the result the representative achieved, [and] whether a claimant's counsel is responsible for undue delay[.]" *Fields*, 24 F.4th at 849 (citing *Gisbrecht*, 535 U.S. at 808).

Ultimately, "[s]hould the district court find that the agreement provides an unreasonable fee under the circumstances, the court may reduce the fee provided it states the reasons for and the amounts of the deductions." *Wells II*, 907 F.2d at 372. However, such deductions "should not be made lightly." *Yamile B. S. v. Comm'r of Soc. Sec. Admin.*, No. 19 CV 155(SALM),

4

2022 WL 1115099, at *2 (D. Conn. Apr. 14, 2022) (quoting *Blizzard v. Astrue*, 496 F. Supp. 2d 320, 325 (S.D.N.Y. 2007)).

### 2.  The Requested Fee is Reasonable

Here, the first two *Wells II* factors are easily met.  First, the retainer agreement sets the contingency fee at 25% of back benefits, (*see* Doc. No. 36-2), and Counsel requests $30,681.03, which equals 25% of the past due benefits held back by the SSA. (Doc. No. 36-1 at 4).  *See Wells II*, 907 F.2d at 372.  Second, neither the Court nor the Commissioner is "aware of [any] evidence of fraud or overreaching here."  (Doc. No. 37 at 5).

Turning to windfall factor, the Court must determine "whether the requested amount is so large as to be a windfall to the attorney." *Wells II*, 907 F.2d at 372; *accord Gisbrecht*, 535 U.S. at 808.  To do so, courts have typically looked to the "de facto hourly rate achieved by the contingency agreement" and compared it to other prevailing approved rates in the Circuit.  *Fields*, 24 F.4th 849.  *See, e.g.*, *Yamile B. S.*, No. No. 19-CV-55(SALM), 2022 WL 1115099, at *3 (comparing counsel's requested fee to those approved by other courts in the Circuit).  However, the Second Circuit has clarified that courts "must consider more than the de facto hourly rate" and should further consider: (1) "the ability and expertise of the lawyers and whether they were particularly efficient, accomplishing in a relatively short amount of time what less specialized or less well-trained lawyers might take far longer to do[;]" (2) "the nature and length of the professional relationship with the claimant — including any representation at the agency level[;]" (3) "the satisfaction of the disabled claimant[;]" and, (4) "how uncertain it was that the case would result in an award of benefits and the effort it took to achieve that result." *Fields*, 24 F.4th 854-55.  These factors necessarily overlap with the Supreme Court's instruction to consider "the

character of the representation and the results the representative achieved." *Gisbrecht*, 535 U.S. at 808.

It is undisputed that Counsel expended 92.80 hours in representing the plaintiff in two separate civil actions in the district court. (*See* Doc. No. 36 at ¶¶ 10-11). Divided by the award sought of $30,681.03, this translates to a *de facto* hourly rate of $330.61 per hour. (*Id.* at ¶ 12). This hourly rate is "significantly lower than other section 406(b) fee awards that have been approved in this Circuit." *Yamile B. S.*, No. No. 19-CV-55(SALM), 2022 WL 1115099, at *3 (D. Conn. Apr. 14, 2022) (finding section 406(b) fee award reasonable in part given an effective hourly rate of $495.86) (collecting cases). However, looking beyond the reasonableness of the *de facto* hourly rate as it must, *Fields*, 24 F.4th 854, the Court finds that the award is also reasonable under the *Fields* factors. The "nature and length of the professional relationship" here is significant: Counsel has represented the plaintiff for five years, at both the district court and administrative level. *Id.* at 855 (second *Fields* factor). In this time, Counsel obtained two "Sentence Four" remands of adverse ALJ rulings and twice prevailed upon remand, ultimately securing the plaintiff back benefits. (Doc. No. 26 at ¶ 9). This outcome certainly marks Counsel as "particularly efficient" and, without Counsel's efforts and representation over the past five years, it is likely that this result would not have been achieved. *Id.* at 854-55 (first and fourth *Fields* factor). Indeed, this Court has noted "the lengthy history of this case," given the initial "ALJ's failure to follow the Court's remand order" twice. (Doc. No. 28 at 13). After remand to a new ALJ, Counsel's representation resulted in a favorable decision, no doubt to the satisfaction of the plaintiff. *Id.* at 55 (fourth *Fields* factor) (*See* Doc. No. 33; Doc No. 36 at ¶ 2.). Further, there is no indication on the record of any undue delay on the part of Counsel. *Cf. Gisbrecht*, 535 U.S. at 808 ("If the attorney is responsible for delay, for example, a reduction is in order so that the attorney will not

profit from the accumulation of benefits during the pendency of the case in court."). For these reasons, the Court finds the requested fee reasonable and sees no basis for reduction.

Lastly, where counsel is awarded both EAJA and 42 U.S.C. § 406(b) fees for the same work, counsel must return the smaller of the two fees to the plaintiff. *See Gisbrecht*, 535 U.S. at 796. Here, Counsel has already received $8,200 in EAJA fees for the first action and states he "aware of his obligation to 'refund' the smaller of the fee awarded . . . and []will certify the said 'refund' to the Court." (Doc. No. 36 at ¶ 12). Similarly, regarding the $9,900 of EAJA fees awarded in connection with this action, Counsel states that he expects the fee to paid and, when paid, he will also "refund" this fee and certify the same to the Court. (*Id.* at ¶ 13).

### III.  CONCLUSION

For the reasons stated above, Counsel's Motion for Allowance of Attorney's Fees under 42 U.S.C. § 406(b) (Doc. No. 36) is **GRANTED** in the amount of **$30,681.03**. Consistent with Counsel's representations and obligations, he shall refund each of the two EAJA awards to the Plaintiff.

**SO ORDERED** at New Haven, Connecticut the 8th day of September, 2022.

 /s/ Robert M. Spector
Robert M. Spector
United States Magistrate Judge